**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Nicole M. Goodwin, SBN 024593 (goodwinn@gtlaw.com)
*Attorneys for Plaintiff AP Southwest, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AP Southwest, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Capital Trust Funding, Inc., a Colorado corporation, Dean Kennedy, a/k/a Steven Dean Kennedy, an individual, Mark T. Creighton, an individual, John Does 1-10.<br><br>Defendants. | NO.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff AP Southwest, LLC ("AP Southwest") by and through its undersigned counsel, for its Complaint against Defendants Capital Trust Funding, Inc. alleges as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff AP Southwest is an Arizona limited liability company. AP Southwest is registered to transact business, and does transact business, in Arizona.

2. AP Southwest transacts business under the name "Adolfson & Peterson Construction" in the state of Arizona.

3. AP Southwest has a single member, Adolfson & Peterson, Inc.

4. Adolfson & Peterson, Inc. is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

PHX 330607901v2

5. AP Southwest, therefore, is deemed a citizen of the state of Minnesota for diversity purposes.

6. Upon information and belief, Defendant Capital Trust Funding is a Colorado corporation with its principal place of business in Greenfield Village, Colorado.

7. Defendant Mark T. Creighton is the managing principal of Capital Trust Funding. Upon information and belief Defendant Creighton is a citizen of the state of Colorado.

8. Defendant Dean Kennedy, also known as Steven Dean Kennedy, is another principal of Capital Trust Funding. Upon information and belief, Defendant Kennedy is a citizen of the state of California, or perhaps Nevada. Defendant Capital Trust, Defendant Creighton, and Defendant Kennedy are referred to collectively herein as the "Capital Trust Defendants."

9. John Does 1-10 are fictitious defendants whose identities are not presently known, but upon information and belief, participated in a scheme to defraud AP Southwest of its invested funds.

10. Each plaintiff in this action is diverse from each defendant.

11. The amount in controversy exceeds $75,000.00.

12. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1332(a).

13. Plaintiff conducts business in the state of Arizona. The scheme described herein was directed to individuals located, and conducting business, in the state of Arizona, and was purportedly related to a construction project that was to be developed in Maricopa County, Arizona.

14. Venue, therefore, is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

**General Allegations**

15. On or about July 26, 2012, Capital Trust took possession and control of $200,000 of AP Southwest's funds pursuant to a Deposit Guarantee Agreement dated July

26, 2012 (the "Deposit Agreement"). A true and correct copy of the Deposit Agreement is attached hereto as **Exhibit 1**.

16. Pursuant to the Deposit Agreement, AP Southwest entrusted the sum of $200,000.00 to Capital Trust.

17. The funds were intended to be used for a short term investment.

18. To induce AP Southwest to entrust its funds, Capital Trust furnished AP Southwest with a guaranty as part of the Deposit Agreement.

19. The Deposit Agreement afforded AP Southwest with the right, five days after making the investment, to inspect the progress of the investment.

20. To that end, on August 9, 2012, Capital Trust, through its agent, informed AP Southwest that the investment had "done very well" and that the funds were "compounding."

21. Five days after that assurance, on August 14, 2012, AP Southwest exercised its rights under the Deposit Agreement and gave instructions to Capital Trust to terminate the investment. A true and correct copy of AP Southwest's written demand to return the funds is attached hereto as **Exhibit 2**.

22. Capital Trust, through its agents, assured AP Southwest that the monies were available and would be returned to AP Southwest's account.

23. Those representations were false.

24. Despite AP Southwest's instructions, and Capital Trust's assurances, Capital Trust has failed to return the funds. The entire amount entrusted to Capital Trust - $200,000.00 – remains outstanding and unpaid.

25. Since that time AP Southwest has learned of other fraud actions involving Mr. Kennedy, including a pending case in the United States District Court for the District of New Jersey, 10-CV-06237.

26. AP Southwest credibly believes, therefore that its funds were solicited and converted to the use of the Capital Trust Defendants, and others, as part of an "Advance Fee Fraud."

-3-
PHX 330607901v2

**FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(Against Capital Trust)**

27. AP Southwest realleges and incorporates by reference the allegations set forth in each of the above paragraphs.

28. The Deposit Agreement is a valid and binding agreement and AP Southwest has fulfilled all obligations thereunder.

29. Capital Trust has breached its obligations in the Deposit Agreement by failing to return the amount of AP Southwest's invested funds.

30. AP Southwest has suffered damages as a result of Capital Trust's breach, including the loss of its $200,000.00 investment, plus the damages flowing from the loss of the use of those funds, and the benefits AP Southwest expected from the Deposit Agreement.

31. AP Southwest is entitled to recover its damages, plus its attorneys' fees and costs incurred in connection with this litigation as this claim arises out of contract, pursuant to A.R.S. § 12-341.01.

**SECOND CLAIM FOR RELIEF**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Against Capital Trust)**

32. AP Southwest realleges and incorporates by reference the allegations set forth in each of the above paragraphs.

33. Implied in every contract is a covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing prohibits a party from doing anything to prevent other parties to a contract from receiving the benefits and entitlements of the agreement.

34. AP Southwest entered binding contractual agreements with the Capital Trust Defendants. By virtue of those agreements, the Capital Trust Defendants owed a duty to act in good faith toward, and fairly deal with, AP Southwest with respect to the invested funds.

-4-

PHX 330607901v2

35. The Capital Trust Defendants have failed to respond to AP Southwest's repeated inquiries, gone "dark" about the status of AP Southwest's investment, and otherwise failed to provide any transparency as to the outcome, and tracing of AP Southwest's funds.

36. The Capital Trust Defendants' conduct has prevented AP Southwest from receiving the benefits of its agreements, and from recouping its entrusted funds.

37. The Capital Trust Defendants' breach of the implied covenant of good faith and fair dealing has caused damage to AP Southwest, in an amount to be decided at trial.

38. In addition, AP Southwest is entitled to recover its attorneys' fees and costs incurred in connection with this litigation, as this claim arises out of contract, pursuant to A.R.S. § 12-341.01.

### THIRD CLAIM FOR RELIEF
### Fraudulent Misrepresentation
### (Against the Capital Trust Defendants)

39. AP Southwest realleges and incorporates by reference the allegations set forth in each of the above paragraphs.

40. The Capital Trust Defendants knowingly made false representations of fact to AP Southwest, with the intention of inducing AP Southwest's reliance thereon.

41. Those representations included statements by Mark Creighton in late-July 2012 that the funds would be guaranteed by Capital Trust, and that Capital Trust had the ability to repay the funds.

42. Those representations included statements by Mark Creighton in late-July 2012 that AP Southwest's funds would be placed into a "leveraged, high yield trading program." The Capital Trust Defendants have been unable to provide any proof of same despite repeated requests.

43. AP Southwest relied on the Capital Trust Defendants' representations regarding the placement of the investment, and Capital Trust's ability to guarantee repayment, which caused AP Southwest to entrust its funds to Capital Trust.

-5-

PHX 330607901v2

44. Given the participation in the scheme by licensed and/or knowledgeable individuals, including lawyers, trust companies, and others, it was reasonable for AP Southwest to rely on the Capital Trust Defendants' representations.

45. The Capital Trust Defendants made these false representations with the intent of inducing AP Southwest to entrust its funds.

46. As a result of the Capital Trust Defendants' misrepresentations, AP Southwest has suffered damages, including but not limited to the loss of its $200,000.00 investment.

47. In addition to its actual damages, AP Southwest is entitled to punitive damages in an amount necessary to deter the Capital Trust Defendants and others from engaging in such conduct in the future.

**FOURTH CLAIM FOR RELIEF**
**Conversion**
**(Against the Capital Trust Defendants)**

48. AP Southwest realleges and incorporates by reference the allegations set forth in each of the above paragraphs.

49. Conversion involves an intentional exercise of dominion or control over the personal property of another, which so seriously interferes with the right of another to control it that the wrongdoer may justly be required to pay the victim the full value of the property.

50. The Capital Trust Defendants intentionally misrepresented the use and status of AP Southwest's invested funds.

51. As a result of the Capital Trust Defendants' deliberate and intentional misrepresentations, AP Southwest entrusted its funds to Capital Trust.

52. Despite AP Southwest's repeated demands, Capital Trust has failed and refused to return AP Southwest's investment, and/or account for the disposition and status of the funds.

-6-

PHX 330607901v2

53. Upon information and belief, those funds are segregated and/or traceable in a form of account.

54. Upon information and belief, Defendant Capital Trust, and Defendants Creighton and Kennedy, have personally benefited from the conversion of AP Southwest's funds.

55. Moreover, the Capital Trust Defendants' actions in converting AP Southwest's funds were malicious and intentional, thereby entitling AP Southwest to punitive damages in an amount necessary to deter the Capital Trust Defendants and others from engaging in such conduct in the future.

**FIFTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Against the Capital Trust Defendants)**

56. AP Southwest realleges and incorporates by reference the allegations set forth in each of the above paragraphs.

57. By retaining the AP Southwest's $200,000.00 investment, Capital Trust has been benefited and AP Southwest deprived.

58. Upon information and belief, Defendant Creighton and Defendant Kennedy have been personally enriched by the unlawful retention of AP Southwest's funds.

59. The Capital Trust Defendants' conduct has unjustly enriched them, entitling AP Southwest to restitution of all funds improperly diverted as a consequence of the Capital Trust Defendants' unlawful and fraudulent conduct.

60. The Capital Trust Defendants have acted, by failing to return AP Southwest's investment or account for it, and continue to act, with an evil mind and with an intent to injure AP Southwest, justifying an award of punitive damages.

-7-
PHX 330607901v2

WHEREFORE, AP Southwest prays that the Court grant the following relief:

A. Awarding AP Southwest its actual damages sustained as a result of the Capital Trust Defendants' unlawful conduct, in an amount to be proven at trial, plus pre- and post-judgment interest thereon, at the legal rate, until paid in full;

B. Awarding punitive damages to AP Southwest, in an amount necessary to deter the Capital Trust Defendants and others from engaging in tortious conduct, plus pre- and post-judgment interest thereon, at the legal rate, until paid in full;

C. Awarding AP Southwest its reasonable attorneys' fees and related non-taxable expenses accrued and accruing herein, plus pre- and post-judgment interest at the legal rate, until paid in full;

D. Awarding AP Southwest its costs accrued and accruing herein, plus pre- and post-judgment interest thereon at the legal rate, until paid in full; and

E. Awarding AP Southwest such other and further relief as the Court deems just and proper.

Plaintiff demands a jury on all issues triable of right by a jury pursuant to Fed. R. Civ. P. 38.

RESPECTFULLY SUBMITTED this 6th day of February, 2013.

GREENBERG TRAURIG, LLP

By: */s/ Nicole M. Goodwin*
    Nicole M. Goodwin
    2375 East Camelback Road, Ste. 700
    Phoenix, Arizona 85016
    *Attorneys for Plaintiff AP Southwest, LLC*